LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

DIAHANN M. PEREZ,
*on behalf of herself,*
*FLSA Collective Plaintiffs and the Class,*

        Plaintiff,

  v.

NEW YORK SPINE SPECIALISTS, LLP,
and SEBASTIAN LATTUGA,

        Defendants.

---

Index No.:

**CLASS AND COLLECTIVE ACTION COMPLAINT**

Jury Trial Demanded

Plaintiff, DIAHANN M. PEREZ ("Plaintiff"), on behalf of herself and others similarly situated, by and through her undersigned attorneys, hereby files this class and collective action Complaint against NEW YORK SPINE SPECIALISTS, LLP ("Corporate Defendant") and SEBASTIAN LATTUGA ("Individual Defendant", and collectively with the Corporate Defendants, "Defendants") and states as follows:

1

## INTRODUCTION

1.      Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that she and others similarly situated are entitled to recover from Defendants: (1) unpaid regular and overtime wages due to time-shaving, (2) unpaid regular and overtime wages for uncompensated travel time, (3) liquidated damages, and (4) attorneys' fees and costs.

2.      Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), she and others similarly situated are entitled to recover from Defendants: (1) unpaid regular and overtime wages due to time-shaving, (2) unpaid regular and overtime wages for uncompensated travel time. (3) compensation for unreimbursed uniform expenses, (4) statutory penalties and liquidated damages, and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

4.      Venue is proper in the Eastern District pursuant to 28 U.S.C. §1391.

## PARTIES

5.      Plaintiff, DIAHANN M. PEREZ, is a resident of Kings County, New York.

6.      Defendant, NEW YORK SPINE SPECIALISTS, LLP is a domestic limited liability partnership organized under the laws of the State of New York with an address for service of process and corporate headquarters located in Nassau County, NY, at 2001 Marcus Avenue, Suite 170 West, Lake Success, NY 11042.

7. Individual Defendant, SEBASTIAN LATTUGA, the chief physician at New York Spine Specialist, is the principal partner and corporate officer of NEW YORK SPINE SPECIALISTS, LLP.

8. Defendants operate a medical practice focusing on the treatment of back pain and other spinal conditions under the common trade name "New York Spine Specialist." New York Spine Specialist operates medical offices at the following seven (7) locations:

   a. 150 E 58th Street, 9th Floor Annex Building, New York, NY 10022 ("Manhattan location");

   b. 2001 Marcus Avenue, Suite 170 West, Lake Success, NY 11042 ("Long Island location");

   c. 70-20 Yellowstone Boulevard, Forest Hills, NY 11375 ("Queens location");

   d. 3311 Shore Parkway, Brooklyn, NY 11235 ("Brooklyn-Shore Parkway location");

   e. 185 Montague Street, Brooklyn, NY 11201 ("Brooklyn-Montague location");

   f. 2356 University Avenue, Bronx, NY 10468 ("Bronx location"); and

   g. 50 Court Street, Suite #1108, Brooklyn, NY 11201 ("Brooklyn Court Street location").

(collectively, "New York Spine Specialist").

9. Defendants operate the New York Spine Specialist business as a single integrated enterprise. Specifically, all New York Spine Specialist locations are commonly owned and operated by the Individual Defendants. All locations are jointly advertised on a common website, www.newyorkspinespecialist.com. Medical supplies and employees are interchangeable among the New York Spine Specialist locations. Plaintiff was frequently required by Defendants to travel

to each of Defendants' seven (7) locations to work and to transport medical supplies. SEBASTIAN LATTUGA and each of the other doctors at New York Spine Specialist consult with patients and perform medical services at each of the seven (7) New York Spine Specialist locations. Defendants maintain centralized human resources and a single payroll system for employees at all locations.

10. Individual Defendant, SEBASTIAN LATTUGA, is the principal partner and corporate officer of New York Spine Specialist. Defendant LATTUGA (the chief physician at New York Spine Specialist) had control over the terms and conditions of Plaintiff's employment, and those similar situated employees. Specifically, with respect to Plaintiff and other similarly situated employees, Defendant LATTUGA maintained the authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) set and adjust employee work schedules, and (iv) otherwise affect the quality of employment of Plaintiff, FLSA Collective Members, and Class Members. Moreover, Defendant LATTUGA exercised functional control over the business operations and financial operations of the Corporate Defendants.

11. At all relevant times, the Corporate Defendant was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

12. At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs and Class members was directly essential to the business operated by Defendants.

13. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

### FLSA COLLECTIVE ACTION ALLEGATIONS

14. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees, including, but not limited to nurses, physician assistants, radiology technologists, medical technicians, other medical assistants,

4

and porters employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

15. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them: (i) unpaid regular and overtime wages owed due to time-shaving, and (ii) unpaid regular and overtime wages owed for uncompensated travel time spent traveling between Defendants' offices pursuant to Defendants' instructions, in violation of the FLSA. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

16. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

**RULE 23 CLASS ALLEGATIONS – NEW YORK**

17. Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt persons, including, but not limited to nurses, physician's assistants, radiology technologists, medical technicians, other medical assistants and porters employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

18. All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are

determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member may also be determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

19. The proposed Class is so numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

20. Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief, that would be sought by each member of the Class in separate actions. All the Class members were subject to the same practices of Defendants as alleged herein of: (i) failing to pay them regular and overtime wages owed due to time-shaving, (ii) failing to pay them regular and overtime wages owed for uncompensated travel time spent traveling between Defendants' offices pursuant to Defendants' instructions, (iii) failing to reimburse costs of required uniforms, and (iv) failing to provide proper wage and hour notices and wage statements, as required. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

21. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and

competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

22. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendant. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

23. Defendants and other employers throughout the state violate the NYLL. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former

employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

24. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

- a. Whether Defendants employed Plaintiff and the Class within the meaning of the New York law;

- b. What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members properly;

- c. At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay the Class members for their work;

- d. Whether Defendants failed to compensate Plaintiff and Class Member for all regular hours worked, due to a policy of time shaving;

- e. Whether Defendants failed to compensate Plaintiff and Class Member for all overtime hours worked, due to a policy of time shaving;

- f. Whether Defendants failed to properly compensate Plaintiff and Class members for time spent traveling between offices;

- g. Whether Defendants failed to properly reimburse Plaintiff and Class members for required uniform expenses;

- h. Whether Defendants provided to Plaintiff and Class members proper wage and hour notices, at date of hiring and as required thereafter under the NYLL; and;

8

      i.   Whether Defendants provided to Plaintiff and Class members proper wage statements with each payment of wages as required by NYLL.

## STATEMENT OF FACTS

25. On or about February 8, 2016, Plaintiff DIAHANN M. PEREZ was hired to work as a nurse/physician's assistant at Defendants' New York Spine Specialist business. Plaintiff's employment by Defendants terminated on or about April 7, 2017.

26. During her employment, Plaintiff was required to work at each of the seven (7) New York Spine Specialist locations on an as needed basis. Plaintiff was frequently directed by Defendants to drive between New York Spine Specialist locations in the middle of the day to perform or assist with medical services or to transfer medical supplies between locations.

27. While employed by Defendants, Plaintiff regularly worked 9.5 – 10.5 hours per day, 5 days per week for a total of approximately 45 – 50 hours per week. FLSA Collective Plaintiffs and Class Members similarly worked in excess of forty (40) hours each workweek.

28. From the start of her employment on approximately February 8, 2016 until approximately March 2017, Plaintiff was compensated at a base hourly rate of $16.00 per hour. Then, from approximately March 2017 until April 7, 2017, Plaintiff was compensated at a base hourly rate of $17.00 per hour.

29. During her employment, Plaintiff was frequently directed by Defendants to clock out, and then drive to a different New York Spine Specialist location in the middle of the day to perform or assist with medical services or to transfer medical supplies between locations on an as needed basis. Plaintiff was only allowed to clock back in upon reaching the New York Spine Specialist location that she was required to travel to. Even though such travel was an integral component and condition of her employment, Plaintiff did not receive any compensation for the

time that she spent traveling between locations at Defendants direction. As a result of Defendants' refusal to compensate Plaintiff for required travel time, she was not compensated for approximately 2-3 regular and overtime hours each workweek on average.

30. FLSA Collective Plaintiffs and Class Members were similarly required to travel between Defendants' locations but not compensated at all for travel time between Defendants' locations. Like Plaintiff, FLSA Collective Plaintiffs and Class Members were not compensated for at least 2 regular and overtime hours each week due to Defendants' blanket refusal to compensate employees for travel time.

31. Throughout her employment by Defendants, Plaintiff was not compensated for regular and overtime hours that she worked each workweek, due to a commonly applicable policy of time shaving. Specifically, Defendants subjected Plaintiff to the following illegal practices, which were also applicable to FLSA Collective Plaintiffs and Class Members:

> a) Plaintiff was required to work without any lunch break approximately 4 days each workweek. However, even if Plaintiff did not clock out for lunch on any given day, Defendants would still automatically deduct 30 minutes worth of compensation from her weekly paycheck based on a purported lunch break.
> b) Each morning, Defendants required Plaintiff to set up the work area at Defendants' offices to receive patients prior to clocking in. As a result of Defendants' policy of requiring pre-shift off the clock work, Plaintiff was required to perform approximately 30 minutes of uncompensated work each day.
> c) At the end of each day, Defendants required Plaintiff to clock out, and then take out the garbage and turn off all the computers. As a result of Defendants'

policy of requiring uncompensated post shift off the clock work, Plaintiff was required to perform approximately 15 minutes of uncompensated work each day. Due to the aforementioned practices, Plaintiff was deprived of compensation to which she was entitled, due to time shaving of approximately 5-7 regular and overtime hours each workweek. FLSA Collective Plaintiffs and Class Members were subjected to the same commonly applicable policies of time shaving described above, and consequently were deprived of compensation for at least 5 overtime and regular hours each week to which they were entitled.

32. During her employment by Defendants, Plaintiff was required by Defendants to purchase medical scrubs in several different colors that were required attire on the job, at her own expense. Defendants required Plaintiff to pay for 3 sets of scrubs in each of several different colors, at a unit price of approximately $20 per set, but never reimbursed her for purchasing these required uniforms. Likewise, Class Members were required to purchase similar sets of scrubs without reimbursement.

33. Defendants never provided Plaintiff or Class Members with proper wage and hour notices as required under the NYLL. Plaintiff and Class Members received improper wage and hour notices that did not accurately state the rate of pay she received each hour, due to Defendants.

34. Defendants provided Plaintiff and Class Members with defective wage statements in violation of NYLL at all times. The wage statements provided to and Class Members did not accurately state the regular or overtime hours that employees actually worked. The wage statements prov

35. At all relevant times, Plaintiff, FLSA Collective Plaintiffs and Class Members regularly worked over forty (40) hours per week, but due to time shaving, Defendants failed to pay them the proper overtime compensation in violation of the FLSA and New York Labor Law.

11

36. Defendant knowingly and willfully subjected Plaintiff, FLSA Collective Plaintiffs to time-shaving of regular and overtime hours in violation of both the FLSA and the New York Labor Law.

37. Defendant knowingly and willfully operated their business with a policy of not providing proper wage statements to Plaintiff, FLSA Collective Plaintiffs and Class Members, in violation of the New York Labor Law.

38. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage notice to Plaintiffs, FLSA Collective Plaintiff and Class Members, at the beginning of employment and annually thereafter, in violation of the New York Labor Law.

39. Plaintiff retained Lee Litigation Group, PLLC to represent them and other employees similarly situated in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

40. Plaintiff realleges and reavers Paragraphs 1 through 39 of this Complaint as if fully set forth herein.

41. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiffs and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

42. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

43. At all relevant times, Corporate Defendant, NEW YORK SPINE SPECIALISTS, LLP had gross annual revenues in excess of $500,000.

44. At all relevant times, the Defendants had a policy and practice of time-shaving, refusing to pay wages to Plaintiffs, FLSA Collective Plaintiffs for their hours worked.

45. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

46. At all relevant times, Defendants failed to compensate plaintiff and FLSA collective plaintiffs for travel time for which compensation was due.

47. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

48. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid compensation.

49. Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs should be in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

50. Defendants failed to properly disclose or apprise Plaintiff of her rights under the FLSA.

51. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

52. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff suffered damages, plus an equal amount as liquidated damages.

53. Plaintiff is entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW

54. Plaintiff realleges and reavers Paragraphs 1 through 53 of this class action Complaint as if fully set forth herein.

55. At all relevant times, Plaintiff and Class members were employed by the Defendants within the meaning of the New York Labor Law, §§2 and 651.

56. Defendants willfully violated Plaintiff's and Class members' rights by failing to pay them for all hours worked due to a policy of time-shaving.

57. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage statement to Plaintiff and other non-exempt employees, in violation of the New York Labor Law.

58. Defendants failed to provide a proper wage and hour notice, at the date of hiring and annually, to all non-exempt employees per requirements of the New York Labor Law.

59. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage notice to Plaintiff and other non-exempt employees at the beginning of employment and annually thereafter, in violation of the New York Labor Law.

60. Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants their unpaid overtime, unpaid wages due to a policy of time-shaving,

unpaid travel time, unreimbursed tools of trade, statutory penalties, damages for unreasonably delayed payments, reasonable attorney's fees, and costs and disbursements of the action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of herself, FLSA Collective Plaintiffs and Class members, respectfully requests that this Court grant the following relief:

a) A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

b) An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c) An award of unpaid compensation due to a policy of time shaving, in violation of the FLSA and the New York Labor Law.

d) An award of unpaid compensation for uncompensated travel time under the New York Labor Law.

e) An award of unpaid reimbursement for auto-travel expenses and tools of the trade expenses under the FLSA and New York Labor Law;

f) An award of statutory penalties as a result of Defendants' failure to comply with the NYLL wage notice and wage statement requirements;

g) An award of prejudgment and postjudgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

h) An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay for time shaved regular and overtime wage, reimbursements for travel expenses and tools of the trade expenses, pursuant to the New York Labor Law;

i) Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

j) Designation of this action as a class action pursuant to F.R.C.P. 23;

k) Designation of Plaintiff as Representative of the Class; and

l) Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: February 9, 2018

          Respectfully submitted,

          LEE LITIGATION GROUP, PLLC
          C.K. Lee (CL 4086)
          Anne Seelig (AS 3976)
          30 East 39th Street, Second Floor
          New York, NY 10016
          Tel.: 212-465-1188
          Fax: 212-465-1181
          *Attorneys for Plaintiff,*
          *FLSA Collective Plaintiffs and the Class*

By:      */s/ C.K. Lee*
          C.K. Lee, Esq.