# SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Settlement Agreement") is made and entered into by and between DIAHANN M. PEREZ ("Plaintiff") and NEW YORK SPINE SPECIALISTS, LLP, SEBASTIAN LATTUGA, and SEBASTIAN LATTUGA, M.D., P.C. ("Defendants"), (Plaintiff and Defendants are jointly referred to in this Settlement Agreement as the "Parties").

## RECITALS

A. WHEREAS, on or about February 9, 2018, Plaintiff filed an action against Defendants alleging certain wages due. The aforementioned action is currently pending in the United States District Court, Eastern District of New York, Case No. 18-cv-880 (the "Action");

B. WHEREAS, no court has considered or determined the claims presented;

C. WHEREAS, Defendants admit no wrongdoing, nor any liability with respect to Plaintiff's allegations; and

D. NOW, THEREFORE, in consideration of the foregoing, and in consideration of the covenants, warranties, and promises set forth below, receipt of which is hereby acknowledged, the Parties agree as follows:

## AGREEMENT

1. <u>Consideration</u>. The Parties are entering into this Settlement Agreement in exchange for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged.

2. <u>Settlement Compensation and Release.</u>

Defendants agree to pay Plaintiff the settlement amount of $7,500 (the "Settlement Amount"). Within twenty (20) days of approval by the Court of the Settlement terms, Defendants shall deliver to Lee Litigation Group, PLLC, 148 W. 24th Street, 8th Floor, New York, NY 10011, two checks as follows:

(i) $5,000 payable to Diahann M. Perez; and
(ii) $2,500 payable to Lee Litigation Group, PLLC, as attorney's fees and expenses.

The Parties agree that Defendants will issue a Form W-9 to both Lee Litigation Group, PLLC and Plaintiff. The Parties acknowledge and agree that (i) the Parties are providing no tax, accounting, or legal advice to each other, and make no representations regarding any tax obligations or tax consequences relating to or arising from this

1

Agreement; and (ii) each party shall be solely responsible for all of its tax obligations, including, without limitation, all federal, state, and local taxes.

For and in consideration of the payment provided for in this Section 2, subject to the terms and provisions of this Settlement Agreement, Plaintiff fully, finally, irrevocably, and forever releases and discharges Defendants and their directors, officers, partners, shareholders, representatives, employees, agents, owners, insurers, predecessors, successors, subsidiaries, affiliates, assigns, heirs, executors, administrators, and attorneys (the "Releasees") from all Federal Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") wage and hour claims ("Wage Claims"), which Plaintiff has or may have against Releasees as of the date of this Agreement.

3. **No Consideration Absent Plaintiff's Material Representations and Promises.** Plaintiff understands and agrees that Plaintiff would not receive the monies specified in paragraph "2" above, except for Plaintiff's execution of this Agreement and the fulfillment of the promises contained herein.

4. **Procedure.** Subject to Defendants' review of and consent to the motion for judicial approval of the settlement prepared by Plaintiff's counsel, Plaintiff will submit this Agreement to the Court for the Court's consideration and approval. Any judicial order to terminate the case or close out the lawsuit shall be deemed judicial approval. The Court's approval of all provisions of this Agreement is a material term of this Agreement.

5. **Governing Law and Interpretation.** This Agreement shall be governed and conformed in accordance with the laws of the State of New York without regard to its conflict of laws provision. In the event of a breach of any provision of this Agreement, either party may institute an action specifically to enforce any term or terms of this Agreement and/or to seek any damages for breach. The prevailing party in any such action shall be entitled to recover its reasonable attorney's fees and litigations expenses, in addition to any fees and expenses spent litigating the amount of fees and expenses owed. If any provision of this Agreement is declared illegal or unenforceable by any court, excluding the general release language, that provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect. Should any provision of this Agreement be declared illegal or unenforceable and cannot be modified to be enforceable, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect. The Court will retain exclusive jurisdiction to enforce this Agreement and any dispute shall be resolved by the court without a jury.

6. **Nonadmission of Wrongdoing.** The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by the Releasees of wrongdoing or evidence of any liability or unlawful conduct of any kind.

7.  <u>Amendment</u>.  This Agreement may not be modified, altered, or changed except in writing and signed by both parties wherein specific reference is made to this Agreement.

8.  <u>Counterparts</u>.  This Agreement may be executed in any number of counterparts, each of which so executed shall be deemed an original, and such counterparts will together constitute but one Agreement.  Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party who transmits the signature page by facsimile or email.

9.  <u>Headings</u>.  The Parties understand and agree that the headings in this Settlement Agreement are for their convenience only, and have no legal significance.

[Rest of Page Left Intentionally Blank]

IN WITNESS THEREOF, the Parties hereto evidence their agreement by their signature below.

Plaintiff certifies as follows: I have read this agreement or it has been translated for me and I understand completely its contents. *He leído este acuerdo o ha sido traducido para mí y entiendo completamente su contenido.*

_____
**Diahann M. Perez**
Date: 8/13/19

**New York Spine Specialists, LLP**

By: _____
Name:
Title:
Date:

_____
**Sebastian Lattuga**
Date:

_____
**Sebastian Lattuga, M.D., P.C.**
Date:

4